UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
*********************************************
FELIPE RODRIGUEZ                     *
           Plaintiff                 *
                                     *  CIVIL NO.  3:08CV00089 (AWT)
V.                                   *
                                     *
WEST HAVEN POLICE DEPARTMENT,*
ET AL                                *
           Defendants                *  JUNE 7, 2011
*********************************************
```

## PLAINTIFF'S  SUPPLEMENTAL JURY CHARGE

**Request to Charge No. 15, Connecticut Constitutional Claims**

The Connecticut constitution is an instrument of progress, it is intended to stand for a great length of time and should not be interpreted too narrowly or too literally so that it fails to have contemporary effectiveness for all of our citizens. Thus, the Connecticut State constitution provides greater substantive protection to citizens than the Fourth Amendment of the United States Constitution in determining whether probable cause for an arrest existed.

Probable cause under Connecticut law means more than mere suspicion. There must be facts and circumstances within the officer's knowledge, and of which he has trustworthy information, sufficient to justify the belief of a reasonable person that an offense has been or is being committed. The existence of probable cause is to be determined on the basis of the collective information of the law enforcement organization as a whole and not solely on that of the arresting officer.

More specifically, probable cause to arrest exists if: 1) there is probable cause to believe a crime has been committed; and 2) there is probable cause to believe that the

2

person to be arrested committed that crime. When the police arrest a person based on an informant's word, where there must be probable cause, the sufficiency of the information that is derived from an informant depends upon the existence of: 1) the informant's basis of knowledge about the information provided, and 2) the underlying facts establishing his veracity.

Basis of knowledge examines the information provided by the informant to determine if it relates sufficient facts from which a judge reasonably could conclude that the informant based his allegations of criminal activity on sufficient underlying circumstances. Here the informant, Anthony Clarke claims to have been the victim of a crime and reported his purported first-hand knowledge of the incident.

As for the "veracity" prong, it may be satisfied by establishing that the informant was credible or that his information was reliable. Two common factors used to evaluate the reliability of an untested informant's tip are: 1) declarations against penal interest by the informant-declarant; and 2) corroboration of the information by police.

In this situation it is undisputed that the police needed probable cause to arrest the plaintiff, i.e. probable cause to believe a crime has been committed and probable cause to believe that the person to be arrested committed that crime.  It is undisputed that the plaintiff did not have a criminal record and the police department had no knowledge of him prior to this incident. It is also undisputed that the informant's statement was not against penal interest because he was not implicating himself. Further it is undisputed that the informant was the sole source of information for this arrest.

Thus if you are to find that the police had probable cause to arrest the defendant under the law you should find that there was some independent corroboration by the police

3

of the alleged crime. Otherwise there was no probable cause for the plaintiff's arrest and the police, by arresting Mr Rodriguez, ran afoul of our state constitution.

*State v. Velez*, 215 Conn. 667 (1990); *State v. Gant*, 231 Conn. 43 (1994); *State v. Ferguson*, 185 Conn. 104,(1981). *State v. Lawrence*, 282 Conn. 141 (2007); *State v. Kimbro*, 197 Conn. 219, 233, (1985); *State v. Barton*, 219 Conn. 529(1991); *State v. Dukes*, 209 Conn. 98, 115 (1998); *State v. Oquendo*, 223 Conn. 635, 649-50 (1992).

        PLAINTIFF, FELIPE RODRIGUEZ

BY:____\s_____
       Law Office of
       W. Martyn Philpot, Jr., L.L.C.
       409 Orange Street
       New Haven, CT  06511
       Tel. No. (230) 624-4666
       Federal Bar No. ct05747
       His Attorneys

## CERTIFICATION

    I hereby certify that on this 7th day of June 2011, a copy of the foregoing Plaintiff's Supplemental Jury Charge was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

        ___\s_____
        W. Martyn Philpot, Jr.

\discrim\felipe rodriguez\requestto charge.supplemental