UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
************************************************
FELIPE RODRIGUEZ                       *
           Plaintiff                   *
                                       * CIVIL NO.  3:08CV00089 (AWT)
V.                                     *
                                       *
WEST HAVEN POLICE DEPARTMENT,*
ET AL                                  *
           Defendants          * JUNE 15, 2011
************************************************
```

### PLAINTIFF'S SECOND SUPPLEMENTAL JURY CHARGE

**Request to Charge No. 16:  Negligent Infliction of Emotional Distress and Identifiable Person & Imminent Harm, and Qualified Immunity**

Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. The hallmark of a discretionary act is that it requires the exercise of judgment. In contrast, ministerial refers to a duty that is to be performed in a prescribed manner without the exercise of judgment or discretion.

Municipal officials are immunized from liability for negligence arising out of their discretionary acts in part because of the danger that a more expansive exposure to liability would cramp the exercise of official discretion beyond the limits desirable in our society. Discretionary act immunity reflects a value judgment that – despite injury to a member of the public – the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing

2

liability for that injury. In contrast, municipal officers are not immune from liability for negligence arising out of their ministerial acts, defined as acts to be performed in a prescribed manner without the exercise of judgment or discretion. This is because society has no analogous interest in permitting municipal officers to exercise judgment in the performance of ministerial acts.

*Violano v. Fernandez*, 280 Conn. 310, 318-20, 907 A.2d 1188 (2006).

A municipal employee's immunity for the performance of discretionary governmental acts is qualified by three recognized exceptions:  1) where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; 2) where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and, 3) where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.

The first exception, by its own terms, requires three things:  1) an imminent harm; 2) an identifiable victim; and, 3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm.  Failure to establish any one of the three prongs will be fatal to a plaintiff's claim that he comes within this exception.  The identifiable person-imminent harm exception applies to narrowly defined classes of foreseeable victims as well as identifiable individuals.

An individual may be "identifiable" for purposes of the exception to qualified governmental immunity if the harm occurs within a limited temporal and geographical zone, involving a temporary condition.  For the harm to be deemed imminent, the potential for harm must be sufficiently immediate.  In fact, "the criteria of identifiable person and

3

imminent harm must be evaluated with reference to each other.  An allegedly identifiable person must be identifiable as a potential victim of a specific imminent harm.  Likewise, the alleged imminent harm must be imminent in terms of its impact on a specific identifiable person….For the purposes of the imminent harm exception…it is impossible to be an identifiable person in the absence of any corresponding imminent harm."
 *Cotto v. Board of Education*, 294 Conn. 265, 273 (2009).

[I]n order to state a claim for NIED, the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. Recovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. Nevertheless, the protection the law accords to the interest in one's peace of mind must be limited so as not to open up a wide vista of litigation in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than the law. *Parsons v. United Technologies Corp.*, 243 Conn. 66, 88, 700 A.2d 655 (1997); *Montinieri v. Southern New England Telephone Co.*, 175 Conn. 337, 345, 398 A.2d 1180 (1978).

Thus, in a case similar to the present matter, when a plaintiff asserted that the defendants negligently arrested the plaintiff without probable cause and without adequate investigation and negligently injured her while handcuffing her and placing her in the patrol car, the Superior Court held that *the plaintiff* was unquestionably an identifiable person as it concerned the allegedly negligent actions of the defendants. The defendants' actions were specifically directed toward the plaintiff and it was clear that any negligence in the performance of their duties would directly impact her.

4

The critical issue in that case as it related to the identifiable person/imminent harm exception is whether the plaintiff was subject to imminent harm by the actions of the defendants. To qualify as imminent harm, the danger must be limited in duration and the potential for harm must be significant and foreseeable. Sufficient evidence was offered by the plaintiff for a jury to reasonably find that imminent harm existed in this case. A jury could reasonably determine that the plaintiff's arrest without probable cause and with unnecessary force subjected the plaintiff to harm that was significant, foreseeable and of limited duration.

*Balogh v. City of Shelton*, 2002 Ct. Sup. 3635, 31 CLR 566 (2002, Alander, J.)

In another case the court found that a person who was allegedly falsely arrested and assaulted by a police officer could be found by a jury to be an identifiable person subject to imminent harm under the qualified immunity exception. *Castorina v. Stewart*, judicial district of Fairfield at Bridgeport, No. CV95-0324487 (June 3, 1998, Skolnick, J.) Moreover, there is no reason that the person subject to imminent harm cannot be a person whom the officer is dealing with directly. *Castorina v. Stewart*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV95 0324487 (June 3, 1998, Skolnick, J.) (22 Conn. L. Rptr. 1).

Finally, whether it is apparent to a defendant that his act or failure to act subjects a plaintiff to imminent harm is a question of fact for the jury to decide. *Gregory v. City of Bridgeport*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV97 03414252 (May 5, 1999, Skolnick, J.) (24 Conn. L. Rptr. 454), citing *Evon v. Andrews*, supra, 211 Conn. 501, 507 (1989).

5

PLAINTIFF, FELIPE RODRIGUEZ


BY:____\s_____
        Law Office of
        W. Martyn Philpot, Jr., L.L.C.
        409 Orange Street
        New Haven, CT  06511
        Tel. No. (230) 624-4666
        Federal Bar No. ct05747
        His Attorneys


## CERTIFICATION

I hereby certify that on this 15th day of June 2011, a copy of the foregoing Plaintiff's Second Supplemental Jury Charge was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


          ___\s_____
          W. Martyn Philpot, Jr.

\discrim\felipe rodriguez\